UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) |                |
|---------------------------|---|----------------|
|         Plaintiff,        | ) |                |
|                           | ) |                |
| v.                        | ) | No. 4:17CR522  |
|                           | ) |                |
| Nathan Wyatt,             | ) |                |
|                           | ) |                |
|         Defendant.        | ) |                |

## GUILTY PLEA AGREEMENT

Come now the parties and hereby agree, as follows:

### 1. PARTIES:

The parties are the defendant Nathan Wyatt, represented by defense counsel Brocca Morrison, and the United States of America (hereinafter "United States" or "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri and the Computer Crime and Intellectual Property Section of the United States Justice Department's Criminal Division. This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri and the Computer Crime and Intellectual Property Section. The Court is neither a party to nor bound by this agreement.

### 2. GUILTY PLEA:

Pursuant to Rule 11(c)(1)(A), Federal Rules of Criminal Procedure, in exchange for the defendant's voluntary plea of guilty to Count One of the charge, the government agrees to move for the dismissal as to the defendant of Counts Two through Six at the time of sentencing.

1

Moreover, the United States agrees that no further federal prosecution will be brought in this District relative to the defendant's involvement in the unauthorized access and extortion of companies in the Eastern District of Missouri in 2016, of which the Government is aware at this time.

In addition, the parties agree that the U.S. Sentencing Guidelines Total Offense Level analysis agreed to by the parties herein is the result of negotiation and led, in part, to the guilty plea. The parties further agree that either party may request a sentence above or below the U.S. Sentencing Guidelines range (combination of Total Offense Level and Criminal History Category) ultimately determined by the Court pursuant to any chapter of the Guidelines and Title 18, United States Code, Section 3553(a). The parties further agree that notice of any such request will be given no later than ten days prior to sentencing and that said notice shall specify the legal and factual bases for the request.

The defendant also agrees, pursuant to the guilty plea to Count One, to forfeit to the United States all property subject to forfeiture under the applicable statute(s).

### 3. **ELEMENTS**:

As to Count One, the defendant admits to knowingly violating Title 18, United States Code, Section 371, and admits there is a factual basis for the plea and further fully understands that the elements of the crime are:

1. That two or more persons agreed to commit an offense against the United States.

2. That the defendant was a party to or member of that agreement.

3. That the defendant joined the agreement or conspiracy knowing of its objectives to commit offenses against that United States and intending to join together with at least one other

alleged co-conspirator to achieve those objectives; that is, that the defendant and at least one other alleged co-conspirator shared a unity of purpose and the intent to achieve common goals or objectives, to commit offenses against the United States.

4. That at some time during the existence of the agreement or conspiracy, at least one of its members performed an overt act in order to further the objectives of the agreement.

## 4. FACTS:

The parties agree that the facts in this case are as follows and that the government would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to Section 1B1.3:

Since at least April 2016, a hacker group known as "The Dark Overlord" (TDO) was responsible for remotely accessing the computer networks of multiple U.S. companies without authorization, obtaining sensitive records and information from those companies, and then threatening to release the companies' stolen data unless the companies paid a ransom in bitcoin. Victims include healthcare providers, educational institutions, entertainment companies, and others. Within the Eastern District of Missouri, victims included two health care providers, a medical records company, and a certified public accounting business.

WYATT participated in the conspiracy by creating, validating, and maintaining phone accounts, a PayPal account, virtual private networks, and a Twitter account that were used in the course of the scheme. The phone account created and maintained by WYATT was used to, among other things, send threatening and extortionate text messages to victims within the Eastern District of Missouri. The PayPal account maintained by Wyatt was used to attempt to steal funds from at least one victim within the Eastern District of Missouri. The virtual private

3

network created and maintained by WYATT was used to attempt to obscure the true Internet Protocol address of co-conspirators during the course of the scheme. The Twitter account validated by WYATT was used to threaten and extort victims within the Eastern District of Missouri.

In the course of the scheme, members of the conspiracy remotely accessed without authorization the protected computers of victims within the Eastern District of Missouri, as described above. Members of the conspiracy then exfiltrated sensitive records, including patient medical records and client billing records, which they offered for sale on illicit online markets. Meanwhile, members of the conspiracy sent threatening and extortionate emails and text messages to the victims, in which they threatened to release the stolen records unless the victims paid bitcoin ransoms. As proof of the network intrusions, the extortion emails contained dozens of means of identification – including names, social security numbers, and birthdates of the victims' families and clients – that members of the conspiracy had exfiltrated from the victim networks. The value of the information obtained from the victims' protected computers exceeded $5,000.

Each victim was demanded to pay between $75,000 and $300,000 in bitcoins. In total, approximately $675,000 was demanded of the Eastern District of Missouri victims.

Each of the victims in the Eastern District of Missouri suffered significant losses from the criminal scheme. Victims within the Eastern District of Missouri collectively reported over $550,000 in losses directly attributable to responding to and mitigating the network intrusions conducted by the members of the conspiracy.

4

## 5. STATUTORY PENALTIES:

The defendant fully understands that the maximum possible penalty provided by law for the crime to which the defendant is pleading guilty is imprisonment of not more than five years, a fine of not more than $250,000, or both such imprisonment and fine. The Court may also impose a period of supervised release of not more than one year.

## 6. U.S. SENTENCING GUIDELINES: 2018 MANUAL:

The defendant understands that this offense is affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category. The parties agree that the following are the applicable U.S. Sentencing Guidelines Total Offense Level provisions.

### a. Chapter 2 Offense Conduct:

**(1) Base Offense Level:** The parties agree that, pursuant to Section 1B1.2(d), a conviction on a count charging a conspiracy to commit more than one offense shall be treated as if the defendant had been convicted on a separate count of conspiracy for each offense that the defendant conspired to commit. However, the guideline sentence for violating 18 U.S.C. § 1028A applies only for convictions of that offense; no additional guideline is calculated for this object of the conspiracy. Accordingly, the base offense level for conspiracy to commit a violation of 18 U.S.C. § 1030(a)(2) is 6, as found in Section 2B1.1(a)(2). The base offense level for conspiracy to commit a violation of 18 U.S.C. § 1030(a)(7) is 18, as found in Section 2B3.2.

**(2) Specific Offense Characteristics:** The parties agree that the following Specific Offense Characteristics apply:

### As to Count 1: Conspiring to commit a violation of 18 U.S.C. § 1030(a)(2):

5

Pursuant to U.S.S.G. § 2B1.1(b)(1)(H), the loss associated with this offense is more than $550,000 but not more than $1,500,000, resulting in an offense level increase of 14.

Pursuant to U.S.S.G. § 2B1.1(b)(10), a substantial part of the fraudulent scheme was committed from outside the United States, resulting in an offense level increase of 2.

Pursuant to U.S.S.G. § 2B1.1(b)(11)(C)(ii), the offense involved the possession of five or more means of identification, resulting in an offense level increase of 2.

Pursuant to U.S.S.G. § 2B1.1(b)(18), the defendant is convicted of an offense under 18 U.S.C. § 1030, and the offense involved an intent to obtain personal information, resulting in an offense level increase of 2.

**As to Count 1: Conspiring to commit a violation of 18 U.S.C. § 1030(a)(7)**

Pursuant to U.S.S.G. § 2B3.1(b)(7), the amount of the intended loss is more than $500,000 but is not more than $1,500,000, resulting in an offense level increase of 3.b. **Chapter 3 Adjustments:**

**(1) Acceptance of Responsibility:** The parties agree that three levels should be deducted pursuant to Section 3E1.1(a) and (b), because the defendant has clearly demonstrated acceptance of responsibility and timely notified the government of the defendant's intention to plead guilty. The parties agree that the defendant's eligibility for this deduction is based upon information presently known. If subsequent to the taking of the guilty plea the government receives new evidence of statements or conduct by the defendant which it believes are inconsistent with defendant's eligibility for this deduction, the government may present said evidence to the court, and argue that the defendant should not receive all or part of the deduction pursuant to Section 3E1.1, without violating the plea agreement.

6

(2) **Other Adjustments:** The parties agree that the following additional adjustments apply: None.

c. **Other Adjustment(s)/Disputed Adjustments:** Pursuant to U.S.S.G. § 3D1.2(d), the offenses do not group because they are governed by U.S.S.G. § 2B1.1(a)(2) and 2B3.2, respectively. The total offense level as to Object 1 of the conspiracy (18 U.S.C. § 1030(a)(2)), prior to credit for acceptance of responsibility, is 26. The total offense level as to Object 2 of the conspiracy (18 U.S.C. § 1030(a)(7)), prior to credit for acceptance of responsibility, is 21. Pursuant to U.S.S.G. § 3D1.4(a), Object 1 constitutes one unit, for purposes of grouping, because it has the highest offense level. Pursuant to U.S.S.G. § 3D1.4(b), Object 2 constitutes a half-unit because it is 5 levels less serious than the Object 1 group. The total number of units is thus 1 1/2, resulting in an offense level increase of 1 level, pursuant to U.S.S.G. § 3D1.4. The offense level is thus increased to 27 before credit for acceptance of responsibility is applied.

d. **Estimated Total Offense Level:** The parties estimate that the Total Offense Level is 24.

e. **Criminal History:** The determination of the defendant's Criminal History Category shall be left to the Court. Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the defendant's criminal history and the applicable category. The defendant's criminal history is known to the defendant and is substantially available in the Pretrial Services Report.

f. **Effect of Parties' U.S. Sentencing Guidelines Analysis:** The parties agree that the Court is not bound by the Guidelines analysis agreed to herein. The parties may not have foreseen all applicable Guidelines. The Court may, in its discretion, apply or not apply any

Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement.

7. **WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:**

   a. **Appeal:** The defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

   **(1) Non-Sentencing Issues:** The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery, the guilty plea, the constitutionality of the statute(s) to which defendant is pleading guilty and whether defendant's conduct falls within the scope of the statute(s).

   **(2) Sentencing Issues:** In the event the Court accepts the plea, accepts the U.S. Sentencing Guidelines Total Offense Level agreed to herein, and, after determining a Sentencing Guidelines range, sentences the defendant within or below that range, then, as part of this agreement, the defendant hereby waives all rights to appeal all sentencing issues other than Criminal History, but only if it affects the Base Offense Level or Criminal History Category. Similarly, the Government hereby waives all rights to appeal all sentencing issues other than Criminal History, provided the Court accepts the plea, the agreed Total Offense Level and sentences the defendant within or above that range.

   b. **Habeas Corpus:** The defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

8

c. **Right to Records:** The defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

8. **OTHER:**

a. **Disclosures Required by the United States Probation Office:** The defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the government.

b. **Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:** Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against the defendant.

c. **Supervised Release:** Pursuant to any supervised release term, the Court will impose standard conditions upon the defendant and may impose special conditions related to the crime defendant committed. These conditions will be restrictions on the defendant to which the defendant will be required to adhere. Violation of the conditions of supervised release resulting in revocation may require the defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release. The defendant understands that parole has been abolished

9

**d. Mandatory Special Assessment:** Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100 per count for a total of $100, which the defendant agrees to pay at the time of sentencing. Money paid by the defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

**e. Possibility of Detention:** The defendant may be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

**f. Fines, Restitution and Costs of Incarceration and Supervision:** The Court may impose a fine, restitution (in addition to any penalty authorized by law), costs of incarceration and costs of supervision. The defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately. Pursuant to Title 18, United States Code, Section 3663A, an order of restitution is mandatory for all crimes listed in Section 3663A(c). Regardless of the Count of conviction, the amount of mandatory restitution imposed shall include all amounts allowed by Section 3663A(b) and the amount of loss agreed to by the parties, including all relevant conduct loss. The defendant agrees to provide full restitution to all victims of all charges in the indictment.

**g. Forfeiture:** The defendant agrees the stipulated facts above are sufficient to support forfeiture of certain assets pursuant to the applicable forfeiture authorities. The defendant agrees the Court may enter a consent preliminary order of forfeiture any time before sentencing, and such Order will become final as to the defendant when it is issued and will be part of the sentence. The defendant agrees not to object to any administrative, civil or criminal forfeiture brought against any assets subject to forfeiture. The defendant will execute any

documents and take all steps needed to transfer title or ownership of said assets to the government and/or to rebut the claims of nominees and/or alleged third party owners. The defendant knowingly and intelligently waives all constitutional and statutory challenges to any forfeiture carried out in accordance with this plea agreement, including but not limited to that defendant was not given adequate notice of forfeiture in the charging instrument. The defendant knowingly and voluntarily waives any right, title, and interest in all items seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States. The defendant agrees that said items may be disposed of by law enforcement officials in any manner.

## 9. ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:

In pleading guilty, the defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the government to prove the elements of the offenses against the defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses. The defendant further understands that by this guilty plea, the defendant expressly waives all the rights set forth in this paragraph.

The defendant fully understands that the defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of

11

the proceeding. The defendant's counsel has explained these rights and the consequences of the waiver of these rights. The defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

The defendant is fully satisfied with the representation received from defense counsel. The defendant has reviewed the government's evidence and discussed the government's case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which the defendant has requested relative to the government's case and any defenses.

The guilty plea could impact defendant's immigration status or result in deportation. In particular, if any crime to which defendant is pleading guilty is an "aggravated felony" as defined by Title 8, United States Code, Section 1101(a)(43), removal or deportation is presumed mandatory. Defense counsel has advised the defendant of the possible immigration consequences, including deportation, resulting from the plea.

## 10. **VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT**:

This document constitutes the entire agreement between the defendant and the government, and no other promises or inducements have been made, directly or indirectly, by any agent of the government, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, the defendant states that no person has, directly or indirectly, threatened or coerced the defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. The defendant further acknowledges that this guilty plea is made of the defendant's own free will and that the defendant is, in fact, guilty.

## 11. CONSEQUENCES OF POST-PLEA MISCONDUCT:

After pleading guilty and before sentencing, if defendant commits any crime, other than minor traffic offenses, violates any condition of release that results in revocation, violates any term of this guilty plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement. The Government may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

## 12. NO RIGHT TO WITHDRAW GUILTY PLEA:

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the government agrees to dismiss or not to bring.

*[signature: Laura-Kate Bernstein]*

_____  
Date

_____  
Laura-Kate Bernstein  
Senior Counsel  
Computer Crime & Intellectual Property  
Section, DOJ

13

5/28/2020  /s Gwendolyn E. Carroll
Date  Gwendolyn Carroll
Assistant United States Attorney

16/5/2020
Date

Nathan Wyatt
Defendant

5/26/20
Date

Brocca Morrison
Attorney for Defendant

14